LATHAM & WATKINS LLP
   Elissa J. Germaine (Bar No. 219195)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email ID: Elissa.Germaine@lw.com

Attorneys for Defendant
UNION TELECARD ALLIANCE, LLC

E-Filing

ORIGINAL FILED
SEP 3 0 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PATRICK ONYEIGE, EFANYE CHIBUKO, individually, and on behalf of all others similarly situated,

   Plaintiffs,

   vs.

UNION TELECARD ALLIANCE, LLC and DOES 1 through 50, inclusive

   Defendants.

CASE NO. C 05 3971 JL

**DEFENDANT UNION TELECARD ALLIANCE, LLC'S NOTICE OF REMOVAL OF ACTION**

NOTICE IS HEREBY GIVEN that defendant Union Telecard Alliance, LLC. ("Defendant") hereby removes the civil action described below to this Court and alleges as follows:

1. On August 26, 2005, a complaint captioned *Patrick Onyeige, Efanye Chibuko, Individually, and on Behalf of All Others Similarly Situated vs. Union Telecard Alliance, LLC. and Does 1 - 50*, Case No. CGC-05-444424, was filed in the Superior Court of the State of California for the County of San Francisco. Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint is attached hereto as Exhibit 1.

2. The first date upon which Defendant received a copy of the complaint was September 1, 2005, when Defendant was served by mail with a copy of the said complaint and a summons from the said state court pursuant to § 415.30 of the California Code of Civil Procedure.

3. The complaint contains six causes of action alleged against Union Telecard Alliance, LLC, including breach of contract; fraud; negligent misrepresentation; deceptive advertising practices in violation of the California Business & Professions Code § 17500; relief pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq*, for violations of California Civil Code § 1770(a)(5); and unfair business practices under the Unfair Competition Act, California Business & Professions Code § 17200 *et seq*.

4. The complaint seeks relief including, an order certifying the proposed class, compensatory and punitive damages, restitution, declaratory judgments, injunctive relief, and attorneys' fees.

## JURISDICTION

5. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, as amended pursuant to the recently enacted Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. The new subsection states:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which

    (a) any member of a class of plaintiffs is a citizen of a State different from any defendant;

    (B) any member of a class of plaintiffs is a foreign state or a citizen or a subject of a foreign state and any defendant is a citizen of a State; or

    (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

  6. The matter in controversy requirement is satisfied because the amount sought by Plaintiffs exceeds Five Million Dollars ($5,000,000). Plaintiff represents a proposed class whose membership would consist of: "All persons who purchased, within the State of California, prepaid calling cards from Union Telecard Alliance." (Complaint, at 8 ¶ 32). Plaintiffs allege that the proposed class would consist of "tens of thousands of members, if not much greater." (*Id.* ¶ 34). Plaintiff seeks, on behalf of the class, damages and restitution in an amount to be determined at trial. (*Id.* at 15, ¶ 5, 6) Plaintiff seeks, on behalf of the class, punitive damages in "an amount appropriate to punish Defendant and deter others." (*Id.*, at 16, ¶ 8) Therefore, upon information and belief, the amount in controversy is in excess of Five Million Dollars ($5,000,000) exclusive of interest and costs.

  7. In addition to the monetary relief, Plaintiff demands injunctive relief, which will likely exceed $5,000,000 in costs to Defendant. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

  8. Diversity of citizenship exists among the parties to this action pursuant to 28 U.S.C. § 1332(d)(2)(A). Upon information and belief, Representative Plaintiffs, Efanye Chibuko and Patrick Onyeige, are citizens of the State of California. Moreover, as set forth in the complaint, Plaintiffs class includes: "All persons who purchased, within the State of California, prepaid calling cards from Union Telecard Alliance" (Complaint ¶ 32). By definition, Plaintiffs' class includes some citizens of the State of California. Defendant is neither a citizen of the State of California, nor does it have its principal place of business in the State of California. Of relevance to this Notice of Removal, Defendant is a limited liability company of

1  the State of Delaware and it has its principal place of business in New York. Defendant is a
2  citizen of the states of Delaware, New Jersey, and New York based on the citizenship of its
3  members. Accordingly, diversity exists for the purposes of 28 U.S.C. § 1332(d)(2)(A).
4      9. This Court therefore has original jurisdiction over this action pursuant to
5  28 U.S.C. § 1332(d) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), and removal
6  of the action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

### VENUE AND INTRA-DISTRICT ASSIGNMENT

7
8      10. Because the complaint was filed and currently is pending in the Superior
9  Court of California for the County of San Francisco, this District is the proper venue for this
10 action upon removal pursuant to 28 U.S.C. §1441(a), and this Division is the proper district
11 assignment for this action upon removal pursuant to Civil L.R. 3-2(c).

### REMOVAL PROCEDURE

12
13     11. This Notice is timely filed pursuant to 28 U.S.C. § 1446(b).
14     12. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and
15 orders are attached hereto. Copies of the Summons, Complaint, General Order Re: Procedure for
16 Approval of Complex Litigation Designation, and Notice to Plaintiff are attached hereto as
17 Exhibits 1, 2, 3, and 4 respectively. No other pleadings have been filed in this matter to date in
18 the Superior Court.
19     13. Defendants will serve written notice of the removal of this action upon all
20 adverse parties promptly and will file such notice with the Clerk for the Superior Court of the
21 State of California, County of San Francisco, as required by 28 U.S.C. § 1446(d). A copy of the
22 Notice of Filing of Removal and a Notice of Appearance are attached hereto as Exhibits 5 and 6,
23 respectively.

24 Dated: September 30, 2005

Respectfully submitted,

LATHAM & WATKINS LLP

By _____
Elissa J. Germaine
Attorneys for Defendant
UNION TELECARD ALLIANCE, LLC

SF\532015.1